JABEZ ROGERS *vs.* E. W. JUDD & LEBBEUS HARRIS.     ADDISON,
January,
1834.

It is error in the court to charge the jury that there is no testimony tending to show an
important point in the cause, when it appears that there was such testimony in the
case.

This was an action on the case for damages occasioned
by the defendants raising and continuing their dam across
Otter creek, in Middlebury, from 1822 to the commence-
ment of this suit, to a height above their right, whereby
the water flowed back to the injury of the plaintiff's land
and privileges above the dam.  The dam was erected on
an irregularly inclined plane of rocks, descending with the
stream.  The plaintiff produced evidence tending to show
that from 1808 to 1820 the defendants' dam had been only
three feet high; and that from 1820, in the course of six
years, it had been raised to the height of six feet, and so
continued to the commencement of this action in 1831;
and that thereby the water had flowed back to the plain-
tiff's injury.  The defendants read in evidence a deed from
Gamaliel Painter, dated December 8, 1804, granting them
the right and privilege of building a dam across Otter
creek below the falls and eddy, " *said dam not to exceed two
feet high above common low water mark.*"  They also intro-
duced testimony tending to show that the dam was erected
on the rocks, about three feet above the eddy below, and
that by admeasurement from said eddy to the top of the
dam, the day before the trial, it was found to be only four
feet four inches above said eddy.  The court among other
things charges the jury thus :—" The deed does not show
where the dam was to be located, whether at the head of
the fall, or half way down, or at the foot; nor does the
deed show whether the water was to be raised two feet
above low water mark at the foot of the dam or at the
head of the dam.  I can readily see that if the water was
to be raised two feet above low water mark at the foot of
the dam, that, under certain circumstances, the head of
the dam must be raised six feet above low water mark di-
rectly under the head of the dam.  Now as there is a de-
gree of uncertainty in this deed it should be construed
most favorably for the grantee, that is, he may build his
dam so far up the falls as will best accommodate him ; and
may raise the water two feet above low water mark, at the

ADDISON
January,
1834.

Rogers
vs.
Judd & Harris.

foot of the dam. But in this case there is no evidence to show how high the defendants had a right to raise the *head* of their dam so as to have the water raised two feet above low water mark at the foot of the dam—without showing this, it seems to me we cannot say the defendants have exceeded their right to raise the water two feet at the foot of their dam. If they have not, then they are justified."

To this charge the plaintiff excepted, and after verdict and judgment for the defendants, the cause was passed to this court.

*Seymour and Doolittle for the plaintiffs.*—There is no uncertainty in the deed. The deed says nothing about *raising the water.* The limitation was upon the height of the dam. The *dam* was not to exceed a certain height, two feet, and whether such a dam would produce the effect of raising the water at any given point, more or less than two feet, would not effect the rights of the parties. They must risk the consequences of such a dam as the deed prescribes. The height of the water instead of the height of the dam is to make a new contract for the parties.

*Starr and Phelps for the defendants.*

The opinion of the court was pronounced by

COLLAMER, J.—It appears the place where this dam was located was an inclined plane of rocks, descending with the stream; and the dam was, in the usual form, made oblique on the up-stream side. In giving construction to the deed from Painter, the court ruled, and so charged the jury, that the two feet might be measured perpendicularly from where the foot or up-stream part of the dam rested on the rocks, or from low water mark at that point. Of this decision the plaintiff complains, and insists that a line to be drawn from the extreme vertex of the dam perpendicularly to the low water mark, immediately below this vertex, is the measure of the privilege.

After examination, this court is not inclined to reverse the construction given by the court below. It in effect but allows the defendants to fix on a location within their grant, and then raise a dam, or the water, regardless of the shape of the dam, which shall in no place be above two.

feet above a horizontal line from the up-stream base or foot of said dam. What is built up from the rocks below to this horizontal line is merely adventitious; constituting no part of the height of the dam, but merely filling up the fall in the rocks below.

ADDISON,
January,
1834.

Rogers
vs.
Judd & Harris.

Let us next inquire what was the practical application made of this construction to the case on trial. After fixing on such a construction and on the right of the defendants to have the two feet measured perpendicularly over the up-stream base of the dam, the court in substance charge the jury that there was in the case no testimony tending to show that the defendants by their dam had ever raised the water above two feet at that point. In this we consider the charge is erroneous. The case states there was testimony tending to show that " from 1808 to 1820 the defendants' dam had been only three feet high." Now take this most favorably for the defendants, and say this three feet was from the apex of the dam to the water below, still this must have raised the water *some* at the up-stream foot of the dam. The case then further states, " from 1820, in the course of six years, it had been raised to six feet and so continued. Now most obviously, if the dam in 1808 raised the water *any* at the foot, as it must, to have been of any use, the three feet additional height must have raised the water more than " *two feet*" even at the up-stream foot of the dam. There was therefore in the case testimony tending to show the defendants had exceeded their privilege, even at that point fixed on by the court as most favorable to them. This testimony the court in charge should have left to the jury.

Judgment reversed.